UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN SMITH,

        Petitioner,

  -v-                                                  18-CV-0883-LJV
                                                          ORDER

JOSEPH NOETH,

        Respondent.
_____

## **INTRODUCTION**

        The *pro se* petitioner, Brian Smith, is an inmate at the Attica Correctional Facility. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. As he alleges in more detail, the petitioner claims that he was convicted in County Court, State of New York, County of Monroe, in violation of his constitutional rights. *Id.* The petitioner also filed an application to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it). *See* Docket Item 2. That motion is granted. *See* 28 U.S.C. § 1915(a)(1).

        Shortly after filing the petition, the petitioner submitted a letter to the Court asking for information regarding how he could seek a stay and abeyance of his petition, *see Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), pending resolution of a motion he filed in the county court under to N.Y. Crim. Proc. Law, § 440.10 ("440.10 motion"). Docket Item 3. The letter, docketed as a motion for a stay and abeyance, attached a copy of a Decision and Order of the county court dated August 4, 2018. *Id*. That Decision and Order scheduled a hearing

on the petitioner's § 440.10 motion, specifically with respect to his claims alleging ineffective assistance of counsel and new evidence. *Id.* at 2-3.[1]

The petition raises a number of claims, including ineffective assistance of counsel based on (i) trial counsel's failure to use material to his advantage, (ii) trial counsel's failure to conduct an adequate pre-trial investigation, and (iii) trial counsel's failure to prevent or object to the admission of improper evidence and argument. It also raises newly discovered evidence—the affidavit of Danny Gayden, an accomplice, stating that the petitioner did not commit the offense (Manslaughter in the First Degree) for which he was convicted— allegedly establishing the petitioner's actual innocence. Docket Item 1, ¶ 22F-H, at 9-10. Based on the petition, these claims appear to be the same ones raised in the petitioner's pending § 440.10 motion. *Id.*, ¶ 16, at 4-5.

## DISCUSSION

### STAY AND ABEYANCE

A motion to stay a habeas petition is addressed to the sound discretion of the district court. *Rhines,* 544 U.S. at 276. With respect to a petition that presents some claims that have not been exhausted in state court, district courts may grant a stay "only in limited circumstances." *Id.* Specifically, in order to grant a stay, the court must find that (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the claims are not "plainly meritless," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78; *see also Woodard v. Chappius,* 631 F. App'x 65, 66 (2d Cir. 2016). Neither the Supreme Court nor Second Circuit have defined "good cause" under *Rhines*, but lower courts addressing it have determined that it requires

---

[1] Page references are to those generated by the Court's Case Management and Electronic Case Filing System (CM/ECF).

2

a showing of either (1) "some factor external to the petitioner [that] gave rise to the default" or (2) "reasonable confusion," which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief. *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417-18 (S.D.N.Y. 2007); *see also Cordero v. Miller,* No. 1:15-cv-00383(JJM)(MAT), 2018 WL 3342573, at *2 (W.D.N.Y. July 9, 2018); *Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420 (PAE) (BCM), 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017) (collecting cases). The "plainly meritless" standard sets a "low bar." *See Bryant v. Greiner*, No. 02Civ.6121(RMB)(RLE), 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006) ("In upholding the stay-and-abeyance procedure, the Supreme Court emphasized that 'the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims.' The 'plainly meritless' standard sets a low bar for precisely this reason.") (*quoting Rhines*, 544 U.S. at 273, 277.))

The petitioner's letter does not address any of the *Rhines* factors,[2] although his § 440.10 motion does raise a claim of newly discovered evidence and the state trial court has granted a hearing on the § 440.10 motion. Because the letter does not address good cause or the merit of his unexhausted claims, the Court finds that the motion for a stay and abeyance should be denied but without prejudice. Within **45** days of the date of entry of this order, the petitioner may, if he so chooses, refile a motion for a stay and abeyance in which he addresses the *Rhines* factors addressed above. If the petitioner refiles the motion, the respondent shall have **45** days in which to file a response, and the petitioner will have **30 days** to file a reply.

---

[2] In fairness to the petitioner, his letter was not phrased as a motion but rather a request for information regarding how he could file a motion for a stay and abeyance. The letter was, however, docketed as a motion.

Accordingly,

IT IS HEREBY ORDERED that the petitioner's request to proceed *in forma pauperis* is granted; and it is further

ORDERED that the petitioner's motion to stay the petition and hold it in abeyance is denied without prejudice to refiling as directed above within **45 days** of the date of entry of this order; and it is further

ORDERED that the respondent shall file and serve a response to any refiled motion for a stay and abeyance within **45 days** after the motion is filed, and the petitioner shall have **30** days from the date the response is served upon him to file and serve a reply, and it is further

ORDERED that the Clerk of Court shall forward a copy of this order, via Notice of Electronic Filing, to Alyson Gill, Alyson.Gill@ag.ny.gov, Arlene Roces, Arlene.Roces@ag.ny.gov, and Laura Stockmyer, laura.stockmyer@ag.ny.gov, of the Office of the Attorney General, Federal Habeas Unit.

SO ORDERED.

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

DATED: April 5, 2019
Buffalo, New York