UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN SMITH,

        Petitioner,

        -v-

JOSEPH NOETH, Superintendent,

        Respondent.

REPORT, RECOMMENDATION
and ORDER
1:18-CV-0883 – JLS-MJR

---

## INTRODUCTION

On July 30, 2018, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 2, 2007 conviction in New York State, Monroe County Court on first-degree manslaughter and second-degree criminal possession of a weapon. (Dkt. No. 1, ¶¶ 1-5). On August 24, 2018, Petitioner filed a motion to stay his petition and hold it in abeyance pending resolution of a motion he had filed on March 22, 2018, in Monroe County Court pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. (Dkt. No. 3). On April 5, 2019, the Court (Vilardo, D.J.). issued a screening order denying Petitioner's motion to stay without prejudice to refiling. (Dkt. No. 6).

On December 12, 2019, Petitioner filed a renewed motion to stay the petition (Dkt. No. 11) for the purpose of exhausting the following claims he had raised in the 2018 C.P.L. § 440.10 motion: (1) ineffective assistance of trial counsel for failing to use certain evidentiary material (a witness's telephone bill, a search warrant affidavit, and an

investigative action report in support of Petitioner's defense); (2) newly discovered evidence that the accomplice recanted his testimony against Petitioner and thus perjured himself at trial; and (3) actual innocence based on the newly discovered evidence. (Dkt. No. 11 at 2-8, 214-282). Petitioner requested "a stay, until such time as the [C.P.L. § 440.10] motion can be heard so that [he] can fully exhaust the claims brought in the subject petition, which was filed approximately four months prior to the running of the statute of limitation. . . ." (Dkt. No. 11 at 13). Petitioner also "ask[ed] for leave to make a motion to amend the Petition should additional claims or facts arise as a result of the litigation of these particular issues in the trial court." (*Id.*).[1]

For the following reasons, it is recommended that Petitioner's motion for a stay-and-abeyance be denied as moot because the C.P.L. § 440.10 proceeding is complete. To the extent the motion requests leave to amend to add the grounds raised in the C.P.L. § 440.10 motion, it is recommended that it be denied as moot because these grounds were included in the original petition. To the extent the motion requests leave to include "additional" claims that might have arisen during the C.P.L. § 440.10 motion, it is recommended that it be denied because Petitioner has not identified any additional grounds for relief he wishes to add. It is further recommended that Respondent be directed to respond to the petition.

## DISCUSSION

A petitioner may ask to stay his habeas petition and hold it in abeyance to allow him to present the unexhausted claims in state court and then return to federal court for

---

[1] This case subsequently was reassigned to District Judge John L. Sinatra (Dkt No. 12) and referred to the undersigned (Dkt. No. 15).

review of his petition once he has exhausted his state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001). A "mixed petition," that is, one containing both exhausted and unexhausted claims, is "[a] necessary predicate of the 'stay-and-abeyance' procedure . . . ." *Bermudez v. Conway*, No. 08-CV-0693F, 2009 WL 2567817, at *1 (W.D.N.Y. Aug. 17, 2009) (citing *Rhines*, 544 U.S. at 277–78; *Zarvela*, 254 F.3d at 377).

In his response to the stay motion, Respondent filed a letter opposing the motion to stay and amend on the basis that it is moot. (Dkt. No. 18). Respondent has interpreted the request to amend to encompass the three grounds that are the subject of the 2018 C.P.L. § 4401.10 motion. Respondent correctly notes that these claims were raised in the original petition as grounds six, seven, and eight, respectively, and therefore there is no need for amendment. (Dkt. No. 18 at 2 (citing Dkt. No. 1 at 9-10, ¶ 22(F)-(H))). Respondent also asserts that a stay is unnecessary because grounds six, seven, and eight already were raised in Petitioner's 2018 C.P.L. § 440.10 motion. (Dkt. No. 18 at 2 (citing Dkt. No. 11).

The points made by Respondent were acknowledged by Petitioner in his motion to stay, wherein he stated that the Monroe County Court denied the C.P.L. § 440.10 motion on substantive and procedural grounds on December 11, 2018 (Dkt. No. 11 at 60-68); and that on March 29, 2019, the Appellate Division, Fourth Department, of New York State Supreme Court denied leave to appeal the Monroe County Court order. (*Id.* at 69). As Respondent points out, there is no further appeal of an order denying permission to appeal an order denying relief under C.P.L. § 440.10. *See, e.g.*, *Klein v. Harris*, 667 F.2d 274, 283–84 (2d Cir. 1981) ("Under N.Y. Crim. Proc. Law [§] 450.90, no appeal to the

New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division. Thus, once the Appellate Division denied Klein leave to appeal the denial of his [C.P.L. §] 440.10 motion, he had reached 'the end of the road within the state system.'") (quotation, internal citation, and footnote omitted). In Petitioner's case, it appears that the petition now contains only exhausted claims and is no longer a "mixed" petition.

In reply to Respondent's response to the motion to stay, Petitioner filed a pleading captioned as a "Traverse and Memorandum of Law in Support of Petitioner's Writ of Habeas Corpus" (Dkt. No. 23), which "responds to the allegations of Respondent's Answer to the Writ of Habeas Corpus." (*Id.* at 2). However, Respondent has not yet been ordered to answer the petition. Petitioner also briefly addresses the issue of the stay motion and "concedes to the fact that the stay and abeyance motion is moot and unnecessary dealing with the facts that Petitioner put in the petition." (Dkt. No. 23 at 1, ¶ 2).

It is axiomatic "that federal courts may not 'give opinions upon moot questions or abstract propositions[.]'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (*per curiam*) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin–Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.1983); *see also Calderon*, 518 U.S. at 150 (stating that an appeal "should therefore be dismissed as moot when, by virtue of an intervening event, a court . . . cannot grant 'any effectual relief whatever' in favor of the appellant'") (quotation omitted).

4

Here, a stay-and-abeyance procedure is no longer needed because the state court exhaustion proceedings involving the C.P.L. § 440.10 motion have concluded. Therefore, the Court recommends finding that the motion to stay has been mooted by intervening events and denying it on that basis. See, e.g., Spivey v. McDonald, No. 1:12-CV-00206-LJO, 2013 WL 210021, at *3 (E.D. Cal. Jan. 17, 2013) ("Petitioner appears to have succeeded in exhausting state court remedies as to all the claims he seeks to raise. Thus, there is no longer any basis for a stay request and Petitioner's request for a stay is essentially moot. Accordingly, Petitioner's motion for a stay request will be dismissed as moot."); Crouch v. Diaz, No. 1:12-CV-01657-SKO-HC, 2013 WL 204666, at *1 (E.D. Cal. Jan. 17, 2013) (same).

Similarly, there is no need to amend the petition to add the claims in the C.P.L. § 440.10 motion because those claims were included in the original petition. Thus, the motion to add those claims is moot. Finally, to the extent that Petitioner asked for leave to include "additional" claims that might have arisen during the C.P.L. § 440.10 motion, it is recommended that it be denied because Petitioner has not identified any additional grounds for relief he wishes to add, explained how such grounds are still timely or, if they are untimely, how they would "relate back" to the original petition. See Fed. R. Civ. P. 15(c)(1)(B); Mayle v. Felix, 545 U.S. 644, 649-50 (2005).

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's motion to stay the petition and for leave to amend the petition (Dkt. No. 11) be denied as moot; and that Respondent be directed to respond to the petition.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

SO ORDERED.

Dated: December 28, 2021
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge