UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN SMITH,

        Petitioner,

v.                                         18-CV-883-JLS-MJR

JOSEPH NOETH, Superintendent,

        Respondent.

_____

## DECISION AND ORDER

*Pro se* Petitioner Brian Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 2, 2007 conviction in Monroe County Court. Dkt. 1. On August 24, 2018, he filed a motion to stay the petition and hold it in abeyance pending resolution of a motion to vacate his 2007 conviction filed in state court. Dkt. 3. The Court denied his motion to stay without prejudice on April 5, 2019. Dkt. 6.

Smith filed a renewed motion to stay to exhaust three claims raised in both the Petition and the 2018 motion to vacate. Dkt. 11. He further requests to "amend the Petition should additional claims or facts arise as a result of the litigation of these particular issues in the trial court." *Id.* at 13. Respondent filed a response. Dkt. 18.

The case was referred to United States Magistrate Judge Michael Roemer to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C.

§ 636(b)(1)(B) and (C). Dkt. 15. On December 29, 2021, Judge Roemer issued a Report, Recommendation, and Order ("R&R") that recommends: denying the motion for stay-and-abeyance as moot because the motion to vacate has been resolved; denying the motion to amend as moot, to the extent it requests to add the grounds raised in the renewed motion to stay, because these claims were already raised in the original Petition; and denying the motion to amend, to the extent it requests to add "additional" claims that might have arisen in the state court proceeding because Smith has not identified any additional grounds for relief he wishes to add. Dkt. 27. Neither party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review and the absence of any objections, the Court accepts and adopts the R&R.

## CONCLUSION

For the reasons stated above and in the R&R, Smith's motion for stay-and-abeyance is DENIED as moot; his motion to amend is DENIED as moot, to the extent it requests to add the grounds raised in the renewed motion to stay; and his motion to amend is DENIED, to the extent it request to add "additional" claims that might have arisen in the state court proceeding.

Respondent shall answer, or otherwise respond, to the Petition by July 13, 2022. Smith shall have 30 days after his receipt of Respondent's answer or other pleading to file a written reply.

**SO ORDERED.**

Dated:   April 20, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE